# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DEBRYNNA GARRETT, ALEXANDER C. ROBERTS,
TIMOTHY DIXON, JR., KONICA RITCHIE,
JESSICA YOUNG, LAMOND RICHARDSON,
ANGELA CANSINO, JOHNNY OLDEN,
KATRINA EVANS, DANIEL WALKER,
TODD ALEXANDER, ELTON GOULD,
LAMEKA DOTSON, NICHOLAS COLLINS,
REMEAL EUBANKS, TANIA PAUL,
GABRIELLE MURRELL, COURTNEY NELSON,
individually and on behalf of all others similarly situated,

       Plaintiffs,

v.                                        Case No.

FACEBOOK, INC. and COGNIZANT
TECHNOLOGY SOLUTIONS U.S.
CORPORATION,

       Defendants.
_____/

## DEFENDANT COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION

Defendant Cognizant Technology Solutions U.S. Corporation ("Cognizant"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action from the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida to the United States District Court for the Middle District of Florida, Tampa Division. Removal is proper because this Court has subject matter jurisdiction over this putative class action pursuant to the Class Action Fairness Act ("CAFA"). In addition, Cognizant has satisfied all procedural grounds for removal.

**Background**

1. Plaintiffs Debrynna Garrett and Clifford Jeury filed a "Class Action Complaint and Demand for Jury Trial" styled *Debrynna Garrett and Clifford Jeudy, individually and on behalf of all others similarly situated, v. Facebook, Inc., and Cognizant Business Services Corporation*, Case No. 20-CA-001146, in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida on February 5, 2020.

2. The summons and Complaint were served on Cognizant on February 11, 2020.

3. On March 7, 2020, Plaintiffs filed and served an Amended Class Action Complaint and Demand for Jury Trial.

4. The Amended Complaint named additional Plaintiffs and expanded the class definition. (Compl. p.1 & ¶ 91).[1]

5. Cognizant employs moderators that review Facebook content. (Compl. ¶ 19). Content moderators remove online material that violates the terms of use for social networking sites or applications. (Compl. ¶ 20). Plaintiffs are content moderators. (Compl. ¶ 1).

6. Plaintiffs have sued Cognizant based on the theory that Cognizant's employment of Plaintiffs as content moderators knowingly caused Plaintiffs and other class members to suffer significant psychological trauma and PTSD. (Compl. ¶¶ 3).

7. Plaintiffs seek to represent a class comprised of all Florida and Arizona citizens who performed content moderation work for Facebook within the last three years as an employee of Cognizant. (Compl. ¶ 91.)

8. The Amended Complaint alleges claims for (1) intentional tort – deliberate concealment or misrepresentation of known danger; (2) negligence – negligent exercise of retained

---

[1] The Amended Complaint correctly identified Cognizant as Cognizant Technology Solutions U.S. Corporation. In addition, Clifford Jeudy was not included as a named Plaintiff in the Amended Complaint.

control; (3) negligence – negligent provision of unsafe equipment; and (4) Florida Deceptive and Unfair Trade Practices Act (FDUTPA). (Compl. pp. 20, 23, 26, 29).

9. To remedy the claims, the Amended Complaint seeks (1) a medical monitoring fund for the benefit of Plaintiffs and class members; (2) declaratory and injunctive relief to protect Plaintiffs and class members from the conduct alleged in the Amended Complaint; (3) actual and compensatory damages, including but not limited to lost pay, medical expenses, lost future earning capacity, emotional distress and loss of enjoyment of life; (4) reasonable litigation expenses and attorney's fees (under FDUTPA and otherwise). (Compl. Prayer for Relief, p. 31-32).

## Jurisdiction under the Class Action Fairness Act

10. This Court has jurisdiction over this action under 28 U.S.C. § 1332(d) because (1) there are 100 or more members in Plaintiffs' proposed class; (2) there is minimal diversity of citizenship; and (3) the claims of the proposed class members exceed the sum or value of $5,000,000 in the aggregate. *See Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 911-12 (11th Cir. 2014).

**A. The Proposed Class Exceeds 100 Members.**

11. In the Amended Complaint, Plaintiffs allege that the number of class members is in the thousands. (Compl. ¶ 93.).

12. Based on Plaintiffs' allegations, Cognizant states that the putative class proposed by Plaintiffs includes 3,042 persons. (See Declaration of Melissa Koehler, attached as Exhibit A).

13. The proposed class easily exceeds the 100 members required under 28 U.S.C. § 1332(d)(5)(B).

**B. The Minimal Diversity Requirement is Satisfied.**

14. The class members are citizens of the States of Florida and Arizona. (Compl. ¶ 91)

15. Cognizant is a publicly traded corporation incorporated under the laws of Delaware, with its headquarters located at 211 Quality Circle College Station, TX 77845.

16. Facebook is a publicly traded corporation incorporated under the laws of Delaware, with its headquarters located at 1601 Willow Road, Menlo Park, California, 94025. (Compl. ¶ 18).

17. Because Cognizant and Facebook are citizens of states other than Florida and Arizona, minimal diversity exists. 28 U.S.C. 1332(d)(2)(A).

## C. The Amount in Controversy Requirement is Satisfied.

18. CAFA confers federal subject matter jurisdiction over qualifying class actions where the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). The claims of the individual class members are aggregated to determine whether the amount in controversy exceeds $5,000,000. See *id*.

19. The Amended Complaint does not assign a dollar amount to the relief sought by Plaintiffs and the putative class members, but the Complaint includes requests for damages and medical monitoring. (Compl. ¶¶ 111, 129, 144, 150, 152, 153).

20. The Supreme Court has held that a notice of removal "need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and "need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

21. In addition to reviewing the available evidence, this Court may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" to determine whether the amount in controversy has been met. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). The amount in controversy requirement may be satisfied when it is "facially apparent" from the complaint, "even 'when the complaint does not claim a specific amount of damages.'"

*Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (applying CAFA)).

22. The Amended Complaint alleges that the class members suffered PTSD and other psychological disorders, physical injuries including stroke and epilepsy, lost pay, lost future earning capacity, emotional distress and loss of enjoyment of life. (Compl. ¶ 150).

23. Plaintiffs also allege that employees sustained severe physical injuries, such as a heart attack, while on the job. (Compl. ¶ 75).

24. While Cognizant will show that Plaintiffs should take nothing on their alleged claims, based on the factual allegations in the Amended Complaint, the amount in controversy exceeds $5,000,000 in the aggregate, exclusive of interest and costs, as required under 28 U.S.C. § 1332(d)(2). Compensating 3,042 class members for the alleged damages from physiological disorders, physical injuries, lost pay, and lost future earnings would certainly exceed $5,000,000. With 3,042 putative class members, damages as low as $1,625 per class member exceeds the $5,000,000 requirement for CAFA jurisdiction.

25. In addition to claiming these damages, Plaintiffs seek medical monitoring for the class members. The cost of medical monitoring can likewise be included in examining the amount in controversy for removal under CAFA. *Jovine v. Abbott Labs., Inc.*, 2011 WL 1337204, at *5 (S.D. Fla. Apr. 7, 2011), *see also DeHart v. BP Am.,* 2010 WL 231744, at *9 (W.D. La. Jan. 14, 2010) (finding CAFA amount in controversy satisfied where a class of 118 potential plaintiffs sought damages for severe and possibly disabling physical, mental and emotional injuries associated with alleged exposure to airborne radiation exposure, including damages for diagnostic studies and future medical monitoring).

26. Here, the medical monitoring requested by Plaintiffs includes (1) baseline screening, assessments, and diagnostic examinations to assist in diagnosing adverse health effects, (2) secondary interventions to reduce the risks of PTSD, (3) tertiary interventions to reduce symptoms of those suffering from PTSD, and (4) evidence based treatments to help individuals recovery. (Compl. ¶¶ 108, 109, 126, 127, 141, 142).

27. Screening for PTSD or other traumatic brain injuries requires the initial cost of an evaluation for each patient. Treatment for PTSD can run in the thousands of dollars per patient. In February 2012, the Congressional Budget Office evaluated the cost of treating veterans for PTSD and other traumatic brain injuries. The average cost of treating PTSD per patient for one year was $8,300. The average cost of treating traumatic brain injuries for one year was $11,700. Subsequent years ranged from ($3,800 a year to $11,100 a year). (*See* Congressional Budget Office Report, attached as Exhibit B).

28. Given that the gravamen of Plaintiffs' Amended Complaint is that Cognizant created a working environment causing PTSD and traumatic brain injuries to the putative class of 3,042 persons, it is self-evident that there is at least $5,000,000.00 at issue based on the allegations of the Amended Complaint. (Compl. ¶ 3, "As a result of constant and unmitigated exposure to highly toxic and extremely disturbing images through Facebook's content review systems, Plaintiffs and other class members developed and suffer from significant psychological trauma and/or post-traumatic stress disorder (PTSD)").

29. Moreover, Plaintiffs' Motion for Class Certification states that "all Plaintiffs and other class members developed and suffer from significant psychological trauma, including PTSD, as a result of their constant and unmitigated exposure". (*See* Plaintiffs' Motion for Class Certification at p. 6, attached as Exhibit C).

6

30. Even making the conservative assumption that each putative class member only has to be treated for PTSD (rather than the higher cost of treating a traumatic brain injury), the cost of treatment for one year alone for the entire class of 3042 Plaintiffs would exceed the $5,000,000 jurisdictional requirement.

31. The costs associated with screening for and treating PTSD and traumatic brain injuries, coupled with actual damages alleged, exceeds CAFA's $5,000,000 requirement.

32. Plaintiffs also have sought attorney's fees and court costs under Florida Statute § 501.2105 for Deceptive and Unfair Trade Practices.

33. Where attorney's fees are allowed by statute, a court can consider attorney's fees in determining the amount in controversy. *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079-80 (11th Cir. 2000), *Lee-Bolton v. Koppers Inc.*, 848 F. Supp. 2d 1342, 1356 (N.D. Fla. 2011).

34. Considering the complex nature of this action and the number of individuals involved, Plaintiffs' requested attorney's fees could easily exceed $250,000 and potentially approach $1 million by the time of trial.

35. The inclusion of attorney's fees further supports that the amount in controversy is in excess of $5,000,000, demonstrating that CAFA's amount in controversy requirement is satisfied.

36. Based on the litany of injuries and related requests for relief alleged in the Amended Complaint, using its judicial experience and common sense, the Court should find it is facially apparent from the Amended Complaint that Plaintiffs' alleged claims, which include allegations of damages from physiological disorders, physical injuries, lost pay, and lost future earnings, requests for medical monitoring to address PTSD and traumatic brain injuries, as well as a request

for substantial attorney's fees, involve an amount in controversy that exceeds CAFA's jurisdictional threshold.

**Procedural Compliance**

37. This Notice of Removal is timely because Cognizant filed its Notice of Removal within 30 days of receipt of a copy of the Complaint on February 11, 2020. 28 U.S.C. § 1446(b).

38. Removal to the Tampa Division of this Court is proper because this action was originally filed in the state court in Hillsborough, Florida. 28 U.S.C. §§ 1441(a); M.D. Fla. L.R. 1.02(b)(4).

39. As required by 28 U.S.C. § 1446(a) and Local Rule 4.02(b), true and correct copies of all of the process, pleadings, orders and papers on file with the state court in this action are being filed with this Notice of Removal.

40. Pursuant to 28 U.S.C. § 1446(d), notice of this Notice of Removal is being provided to Plaintiff and the state court clerk contemporaneously with the filing of this Notice of Removal with this Court.

41. By this Notice of Removal, Cognizant does not waive any objection it may have as to service, jurisdiction, or any other defenses or objections it may have to this action. Cognizant intends no admission of fact, law, or liability by this Notice of Removal, and expressly reserves all defenses, motions and/or pleas.

**CONCLUSION**

Defendant Cognizant Technology Services U.S. Corporation hereby removes this action from the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida to this Court. Removal to this Court is appropriate because the Court has subject matter jurisdiction in this action in accordance with the provisions of CAFA.

Dated: March 12, 2020

Respectfully submitted,

*s/ Dennis P. Waggoner*
Dennis P. Waggoner (FBN 509426)
dennis.waggoner@hwhlaw.com
Joshua C. Webb (FBN 051679)
josh.webb@hwhlaw.com
Tori C. Simmons (FBN 107081)
tori.simmons@hwhlaw.com
HILL, WARD & HENDERSON, P.A.
101 East Kennedy Boulevard, Suite 3700
Tampa, FL 33602
Telephone: 813-221-3900
Facsimile: 813-221-2900

*Attorneys for Defendant Cognizant Technology Solutions U.S. Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 12, 2020, I caused the foregoing to be filed with the Clerk of the Court, and that a copy of the foregoing is being furnished by U.S. Mail and e-mail to counsel for Plaintiffs Jay P. Lechner, jplechn@jaylechner.com, shelley@jaylechner.com , Lechner Law, Fifth Third Center, 201 E. Kennedy Blvd., Suite 412, Tampa, Florida 33602; and Counsel for Defendant Facebook, Gregory A. Hearing, Gregory.hearing@gray-robinson,com; michelle.mcleod@gray-robinson.com, 401 East Jackson Street, Suite 2700, Tampa, Florida 33602.

*s/ Dennis P. Waggoner*
*Attorneys for Defendant Cognizant Technology Solutions U.S. Corporation*