UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DEBRYNNA GARRETT-ALFRED, ALEXANDER C. ROBERTS, TIMOTHY DIXON, JR., KONICA RITCHIE, JESSICA YOUNG, LAMOND RICHARDSON, ANGELA CANSINO, JOHNNY OLDEN, KATRINA EVANS, DANIEL WALKER, TODD ALEXANDER, ELTON GOULD, LAMEKA DOTSON, NICHOLAS COLLINS, REMEAL EUBANKS, TANIA PAUL, GABRIELLE MURRELL, COURTNEY NELSON, YESENIA VIZCAINO, DAWNMARIE ARMATO, MICHAEL WELLMAN, and SHIRLEY MONTGOMERY, individually and on behalf of all others similarly situated,**

    Plaintiffs,

v.                                               Case No: 8:20-cv-585-T-35CPT

**FACEBOOK, INC. and COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION,**

    Defendants.

_____

## ORDER

**THIS CAUSE** comes before the Court for consideration of Defendant Cognizant's Motion to Dismiss and to Compel Arbitration. (Dkt. 35) Therein, Defendant Cognizant Technology Solutions U.S. Corporation ("Cognizant") requests that the Court compel arbitration of the claims asserted by Plaintiffs Jessica Young, Daniel Walker, and Dawnmarie Armato because they signed a non-disclosure agreement containing an arbitration provision. (Id.) Cognizant also moves therein to dismiss the claims asserted by the remaining Plaintiffs for lack of personal jurisdiction and failure to state a claim. (Id.)

On June 9, 2020, Plaintiffs responded to the Motion in part, advising that Plaintiffs do not oppose arbitration of the claims brought by Plaintiffs Young, Walker, and Armato ("Arbitration Plaintiffs"). (Dkt. 44) Plaintiffs request that the Court order Cognizant to initiate arbitration proceedings with respect to the Arbitration Plaintiffs and pay the applicable $1,750.00 JAMS filing fee for each individual arbitration proceeding. (Id.) Plaintiffs also request that the Court sanction Cognizant for failing to confer with Plaintiffs' counsel pursuant to Local Rule 3.01(g) and order it to pay the $200 portion of the JAMS filing fee that the arbitration agreements provide will be paid by the Arbitration Plaintiffs. (Id.; Dkt. 35-1 at 8–9 ("In the event you file a claim under this agreement, you will pay $200 towards any JAMS filing or administrative fee ("filing fee"), and the Company will pay any amount of the JAMS fee in excess of the filing fee.")) The remaining portions of Cognizant's Motion are not yet ripe, and Plaintiffs advise that they intend to respond in opposition in the normal course. (Id.)

In light of the Arbitration Plaintiffs' non-opposition, the Court hereby **ORDERS** that this proceeding is stayed pending arbitration as to the action between Plaintiffs Jessica Young, Daniel Walker, and Dawnmarie Armato and Defendant Cognizant. The Court declines Plaintiff's embedded request to sanction Cognizant for its violation of the Local Rules. The district court's inherent power to sanction "should be exercised with caution and its invocation requires a finding of bad faith." Kornhauser v. Commr of Soc. Sec., 685 F.3d 1254, 1257 (11th Cir. 2012) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Though Cognizant should have conferred with Plaintiffs prior to seeking arbitration, the Court notes that the relief was requested as part of an omnibus motion that also seeks dismissal for lack of personal jurisdiction and failure to state a claim. (Dkt.

35) Local Rule 3.01(g) specifically exempts motions to dismiss from the good-faith conferral requirement. M.D. Fla. Local Rule 3.01(g).

The Parties shall proceed to arbitrate this matter pursuant to the Arbitration Clause in their agreements. Payment of arbitration fees will be dictated by the agreements. The Parties shall have **fourteen (14) days** after the completion of arbitration to file a notice or appropriate motion advising the Court how and whether this case should proceed as between Cognizant and the Arbitration Plaintiffs.

**DONE** and **ORDERED** in Tampa, Florida, this 11th day of June, 2020.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person